UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSELITO FABIONAR, individuals, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  vs.<br><br>FIRST FEDERAL BANK OF CALIFORNIA, as the Original Lender; SEASIDE FINANCIAL CORPORATION, as the Original Trustee; COMMONWEALTH LAND TITLE, Title Company; ONE WEST BANK, as Sub Servicer; AURORA LOAN SERVICES LLC, as the PSA Master Servicer; LEHMAN BROTHERS HOLDINGS INC. PSA Sponsor and Seller; STRUCTURED ASSET SECURITIES CORPORATION, as PSA Depositor; CITIBANK, N.A., as PSA Trustee; LASALLE BANK, N.A. U.S. BANK, N.A. WELLS FARGO BANK, N.A. PSA Custodian; LEHMAN XS TRUST, SERIES 2005-3, as the PSA Trust Issuing Entity; TD SERVICE COMPANY, as the Foreclosing Trustee; and DOES 1 THROUGH 100, INCLUSIVE<br><br>        Defendants. | Case No: C 12-0991 SBA<br><br>**ORDER DISMISSING ACTION** |

On February 27, 2012, Plaintiff Joselito Fabionar ("Plaintiff"), proceeding pro se, brought the instant action against Defendants alleging various claims arising out of a home loan and the initiation of foreclosure proceedings. See Compl., Dkt. 1. On April 17, 2012, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 3. On May 7, 2012, Defendant

Aurora Loan Service, LLC ("Aurora") filed a motion to dismiss under Rule 12(b)(6). Dkt. 13. Under Civil Local Rule 7-3, a party must file an opposition or statement of non-opposition to a motion no later than fourteen days (14) after the motion is filed. See N.D. Cal. Civ. L.R. 7-3(a), (b).[1]  This Court's Standing Orders specifically warn that "failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Civil Standing Orders at 5, Dkt. 21. Plaintiff did not file a timely response to either of the motions to dismiss. Thus, on July 12, 2012, the Court sua sponte granted Plaintiff a 10-day extension of time to respond to the motions. Dkt. 26. The Court warned Plaintiff that if he failed to timely respond to the motions, the Court would dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court Order. Id.  To date, Plaintiff has not filed anything in response to the motions or the Court's July 12, 2012 Order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). As such, the failure to file an opposition to a motion to dismiss in the manner prescribed by the Court's Local Rules is a proper ground for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

In the instant case, the Court finds that the above-referenced factors weigh in favor of dismissal. With regard to the first factor, "[t]he public's interest in expeditious resolution

---

[1] The deadline to file an opposition is extended by 3 days if the motion was not filed and served through the Court's Electronic Case Filing ("ECF") system and was served pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), (D), (E) or (F). Civ. L.R. 7-3(a).

of litigation always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).  This is particularly true in the instant case where Plaintiff has impeded the Court's ability to move this case forward by failing to respond to the motions to dismiss or to the Court's July 12, 2012 Order.

The second factor also militates in favor of dismissal.  <u>See</u> <u>Pagtalunan</u>, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); <u>Yourish</u>, 191 F.3d at 990 (recognizing court's need to control its own docket); <u>see</u> <u>also</u> <u>Ferdik</u>, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").

The third factor, the risk of prejudice to the defendants, generally requires that "a defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." <u>Pagtalunan</u>, 291 F.3d at 642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." <u>Id.</u>  Here, Plaintiff has offered no explanation for his failure to respond to the motions to dismiss, nor is any apparent from the record.  Indeed, Plaintiff has had almost three months to prepare a response to Aurora's motion to dismiss and over three months to prepare a response to Well's Fargo's motion to dismiss.  These facts weigh strongly in favor of dismissal.  <u>See</u> <u>Yourish</u>, 191 F.3d at 991; <u>Ghazali</u>, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  As noted, the Court's Standing Orders warn that as a consequence of a party's failure to oppose a motion, the Court will construe such inaction as a consent to the granting of the motion.  In addition, the Court sua sponte afforded Plaintiff a second opportunity to oppose the motions to dismiss (or file statements of non-opposition) and warned him that the failure to respond to the motions would result in the dismissal of this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." <u>Ferdik</u>, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety. Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).[2] Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b). The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED

Dated: 8/1/12

                                                    SAUNDRA BROWN ARMSTRONG
                                                    United States District Judge

---

[2] The rationale for dismissing this action applies equally to the remaining unserved defendants. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-743 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared.").

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSELITO FABIONAR,

       Plaintiff,

  v.

FIRST FEDERAL BANK OF CALIFORNIA et al,

       Defendant.
_____/

Case Number: CV12-00991 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joselito Fabionar
27624 Baldwin Street
Hayward, CA 94544

Dated: August 14, 2012
                            Richard W. Wieking, Clerk
                            By: Lisa Clark, Deputy Clerk